# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

TODD LYNN THORUD,

      **Plaintiff,**

      **v.**                         **Case No. 26-C-841**

EMILY DAVIDSON,
JANE/JOHN DOES 1–4,
CINDY O'DONNELL,
BRIAN CAHAK,
TAMI STAEHLER,
EMIL TONEY,
LT. ERIC HENSLIN,
KELLY PELKY,
TODD GILLINGHAM,
SGT. ZIEGLER,
JANE/JOHN DOES 1–4,
RN W. BORGEN,
ANGEL HOFFMAN,
JULIE LUDWIG, and
HAL SAMPSON,

      **Defendants.**

---

## SCREENING ORDER

---

Plaintiff Todd Lynn Thorud, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On June 1, 2026, the court screened the complaint and after concluding it failed to state a claim, gave Plaintiff the opportunity to file an amended complaint. Plaintiff filed an amended complaint on June 18, 2026. The court will screen the amended complaint as required by 28 U.S.C. § 1915A.

## SCREENING OF THE AMENDED COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

The allegations of the amended complaint are substantively identical to the allegations in the original complaint. According to Plaintiff, on May 4, 2024, Plaintiff told Sgt. Ziegler that he had a "medical emergency," though he does not allege what the medical emergency was. Sgt. Ziegler advised that the Health Services Unit (HSU) refused to see Plaintiff. Plaintiff asked Sgt. Ziegler to contact his supervisor and to file an incident report, but Sgt. Ziegler refused. On May 4, 2024, Plaintiff was sent to the emergency room to assess his throat injury, which he sustained during an assault on April 19, 2024, and made it difficult for Plaintiff to breathe normally. Am. Compl. at 4–5, Dkt. No. 8.

Plaintiff reported Sgt. Ziegler's conduct to Security Director Emil Toney and Administrative Captain Eric Henslin, but they did not respond to Plaintiff. Plaintiff also wrote to HSU Manager Kelly Pelky. HSU Manager Pelky responded that HSU did not receive a call on May 4, 2024, regarding Plaintiff's "medical emergency." Plaintiff asserts that HSU Manager Pelky did not investigate why HSU did not receive a call. Plaintiff also reported Sgt. Ziegler's conduct to Warden Brian Cahak and Deputy Warden Tami Staehler. Deputy Warden Staehler told Plaintiff that she asked a supervisor to investigate but would not share anything about the investigation with Plaintiff or allow him to participate in the investigation. *Id.* at 6–8.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). As the court explained in the original screening order, a prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To state a claim, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). "Negligence, gross negligence, or even 'recklessness' as that term is used in tort cases, is not enough." *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (internal quotation marks and citation omitted).

Like his original complaint, Plaintiff alleges that Sgt. Ziegler acted with deliberate indifference when he failed to contact HSU staff about Plaintiff's "medical emergency." Plaintiff still does not allege what his medical emergency was. In any event, Plaintiff asserts that he was sent to the emergency room the same day he complained about his "medical emergency." Plaintiff does not allege that his injury, whatever it may be, was worsened due to any alleged delay in treatment (nor is delay itself evident from the amended complaint). *See Moore v. Williams*, 835 F. App'x 143, 145 (7th Cir. 2021) ("[T]he Constitution does not mandate immediate care."

4

(citation omitted)). The amended complaint contains no allegations from which the court can infer that Sgt. Ziegler knew of, but disregarded, a substantial risk to Plaintiff's health or that he acted with the requisite bad intent in delaying medical care. Accordingly, Plaintiff has failed to state a deliberate indifference claim against Sgt. Ziegler.

Plaintiff also asserts that Sgt. Ziegler violated his right to due process by refusing to file an incident report and document the incident. To state a Fourteenth Amendment due process claim, a plaintiff must allege that (1) he was deprived of a constitutionally protected liberty interest and (2) the procedures he was afforded were constitutionally deficient. *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). Plaintiff has not alleged a protected liberty interest sufficient to invoke due process protections. In addition, violating prison policy does not violate the Constitution. *See Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020). In short, Plaintiff does not state a Fourteenth Amendment due process claim against Sgt. Ziegler.

Plaintiff alleges that Security Director Toney, Captain Henslin, Warden Cahak, Deputy Warden Staehler, Inmate Complaint Examiner Supervisor Todd Gillingham, Jane/John Doe Inmate Complaint Examiners 1–4, CCE Emily Davidson, CCE Jane/John Does 1–4, and OOS Cindy O'Donnell failed to investigate the May 4, 2024, incident, failed to prosecute Sgt. Ziegler, failed to preserve Plaintiff's rights, and did not allow Plaintiff to participate in the investigation of Sgt. Ziegler's conduct. Only individuals who cause or participate in a constitutional violation are liable under § 1983. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Failing to investigate a completed act of misconduct does not cause or contribute to a constitutional violation. *Id.* Therefore, Plaintiff fails to state a claim against Security Director Toney, Captain Henslin, Warden Cahak, Deputy Warden Staehler, Inmate Complaint Examiner Supervisor Todd Gillingham,

5

Jane/John Doe Complaint Examiners 1–4, CCE Emily Davidson, CCE Jane/John Does 1–4, and OOS O'Donnell.

Plaintiff also names RN W. Borgen, Angel Hoffman, Julie Ludwig, and Hal Sampson as defendants, but the amended complaint contains no allegations against them. "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citation omitted). A complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Because the amended complaint does not provide such notice to RN W. Borgen, Angel Hoffman, Julie Ludwig, and Hal Sampson, Plaintiff fails to state a claim against them.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)). Accordingly, for the reasons explained in the original screening order and this order, Plaintiff fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 25th day of June, 2026.

William C. Griesbach
United States District Judge

6

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.