# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

TODD LYNN THORUD,

   **Plaintiff,**

  **v.**            **Case No. 26-C-841**

EMILY DAVIDSON et al.,

   **Defendants.**

---

## ORDER DENYING MOTION TO VACATE JUDGMENT AND FOR LEAVE TO FILE AN AMENDED COMPLAINT

---

Plaintiff Todd Lynn Thorud is currently incarcerated at Oshkosh Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. On June 25, 2026, the court screened Plaintiff's amended complaint and dismissed the action based on Plaintiff's failure to state a claim. Dkt. No. 9. Judgment was entered the same day. Dkt. No. 10. This matter comes before the court on Plaintiff's motion to vacate judgment under Federal Rule of Civil Procedure 60 and for leave to file an amended complaint.

A party seeking to file an amended complaint after the judgment has been entered must first "have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a)." *Amendola v. Bayer*, 907 F.2d 760, 765 n.1 (7th Cir. 1990). Rule 60(b) is "designed to address mistakes attributable to special circumstances, not to address erroneous applications of law." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013). Under Rule 60(b), the court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal citations omitted).

Plaintiff does not meet the standard for reconsideration under Rule 60. Plaintiff requests that the judgment be vacated as a result of his "inadvertence, inexperience, and confusion." Dkt. No. 11 at 2. Aside from stating "inadvertence," Plaintiff has not made a showing or argument that would entitle to him relief under Rule 60. The Court has reviewed its June 25, 2026, screening order, Plaintiff's amended complaint, Plaintiff's motion, and Plaintiff's response to the screening order and concludes that there is no basis to alter the decision. Therefore, Plaintiff's motion to vacate the judgment is denied. Because the judgment has not been vacated and the case has not been reopened, Plaintiff's motion to file a second amended complaint is denied as well.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to vacate judgment under Federal Rule of Civil Procedure 60 and for leave to file a second amended complaint (Dkt. No. 11) is **DENIED**.

Dated at Green Bay, Wisconsin this 30th day of July, 2026.

William C. Griesbach
United States District Judge

2